Fred S. Gilbert, Jr., Sp. Asst. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., John P. Cowart, U. S. Atty., Macon, Ga., for appellant.

Furman Smith, Atlanta, Ga., for appellee.

Before HOLMES, McCORD, and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment in favor of the taxpayer; it involves income taxes and declared-value excess profits taxes for the year 1940. The question for determination is whether or not the taxpayer is entitled to exclude from its gross income a portion of the gain realized on the sale in 1940 of corporate stock, acquired in 1932 in satisfaction of a debt, where only a portion of the loss suffered on the bad debt was of tax benefit. The essential facts as stipulated and found below are as follows:

On Feb. 13, 1931, the taxpayer made a loan of $400,000 to Tom Huston Corporation, secured by 60,000 shares of common stock of a third corporation named Tom Huston Peanut Company. On Jan. 21, 1932, the borrower being in bad financial condition, the taxpayer took over the 60,000 pledged shares in full satisfaction and complete cancellation of the entire debt, al-

**ALLEN v. TRUST CO. OF GEORGIA.**

No. 12920.

United States Court of Appeals
Fifth Circuit.

March 2, 1950.

though the fair market value of the stock at that time was only $3 per share or a total of $180,000. The taxpayer accordingly showed on its income tax return for the year 1932 that it had sustained a loss of $220,000 on said debt. Of this loss, however, only the amount of $58,455.37 was of tax benefit to appellee.

By the contribution of 12,000 shares to the Peanut Company in 1935, and the sale between 1932 and 1940 of 5000 shares to officers of the Company, as an incentive to them, at a price less than $3 per share, the taxpayer's shares were reduced to 43,000, the adjusted basis of which was thereby increased to $3.75 per share. In 1940, the year in question, the taxpayer sold its 43,000 shares to Tom Huston Peanut Company at a price of $12.50 per share or a total of $537,500. It reported in its income and declared-value excess profits tax return for that year a capital gain upon this sale of $376,250.

■ It is the taxpayer's contention, and the court below so held, that the gain realized by the taxpayer on the sale of the stock in 1940 was a recovery of the loss suffered in 1932, and that, since a portion of this loss was of no tax benefit in 1932, a corresponding portion of the gain realized in 1940 should be excluded from its gross income in 1940. It is the appellant's contention that the gain realized by the taxpayer in 1940 on the sale of the stock was in no sense a recovery of the bad-debt loss sustained in 1932 and that, regardless of tax benefit to the taxpayer in 1932, no portion of the bad-debt loss should be excluded from appellee's gross income in 1940.

We agree with appellant that the taxpayer accepted 60,000 shares of stock, having a fair market value of $180,000, in full satisfaction and complete cancellation of the debt of $400,000. After that date, there was no longer any debt to be recovered. Section 22(b) (12) of the Internal Revenue Code, 26 U.S.C.A. § 22(b) (12), provides for the exclusion from gross income of amounts attributable to the recovery of a bad debt to the extent that the deduction for the bad debt in a previous year was not of tax benefit. Since there was no debt

in existence in 1940, no debt could be recovered within the meaning of the statute during that year. Moreover, this income did not arise from a payment by the debtor or from a sale of the debt. The pledged shares of stock had no more relation to the debt than the shares of some totally unrelated corporation would have had. The acquisition of the stock in satisfaction of the debt was not the summation or integration of two specified values, but it was a total termination of the debt and the beginning of a new and separate transaction. The shares of stock so acquired had their own independent basis for future gain or loss, which was the fair market value on the date of acquisition. Bennett v. Commissioner, 8 Cir., 139 F.2d 961; Haden Co. v. Commissioner, 5 Cir., 165 F.2d 588.

The court below relied upon the case of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248. While we think that case is distinguishable from the one before us, it is worthy of mention that the court in the Dobson case merely held that the determination of the question was the function of the Tax Court. This is shown by its statement, 320 U.S. at page 506, 64 S. Ct. at page 249: "We are not adopting any rule of tax benefits." We think the tax benefit rule as provided in said Section 22 (b) (12) is not applicable to this case, because the making of the loan in 1931, the acceptance of the stock in 1932 in cancellation of the debt, and the subsequent sale of the stock at a gain in 1940, were not parts of one integrated transaction. The finding to the contrary seems to us to be clearly erroneous.

■ As to that part of Treasury Regulations 103, which with certain exceptions extends the rule of exclusion as prescribed by statute "to all other losses," we do not construe it to be broader than the statutes on the subject. To construe it to be broader than warranted by statutory authority would render it void as to the unauthorized portion, and it is not necessary for us to go that far in this case.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.